UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA A. RODRIGUEZ, | NO. ED CV 05-1133-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **AND ORDER OF REMAND** |
| Defendant. | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on December 9, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 31, 2005. Plaintiff filed a motion for summary judgment on

May 17, 2006. Defendant filed a cross-motion for summary judgment on June 9, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed December 16, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former cook/cashier and overnight stocker/support manager, asserts disability based on multiple sclerosis (Administrative Record ("A.R.") 65, 69, 93, 348-62). Plaintiff testified to assertedly disabling symptoms, including "really sharp shooting pains" in her head and legs (A.R. 348-62).

The Administrative Law Judge ("ALJ") found Plaintiff's multiple sclerosis to be severe (A.R. 17). The ALJ also found, however, that Plaintiff retains the residual functional capacity for sedentary work with certain non-exertional limitations, including a preclusion from all balancing, a preclusion from all extremes of temperature, and a limitation to only occasional stair climbing, bending and walking on uneven ground. Id. The ALJ rejected at least in part the credibility of Plaintiff's testimony, but failed to mention specifically Plaintiff's testimony regarding her alleged pain (A.R. 16-24).

The ALJ determined that Plaintiff cannot perform Plaintiff's past relevant work (A.R. 22). In finding Plaintiff not disabled, however, the ALJ took "administrative notice" that Plaintiff's non-exertional limitations assertedly do not "significantly erode" the

sedentary job base and that "there are a significant number of unskilled jobs" Plaintiff allegedly can perform (A.R. 23). In making these findings, the ALJ relied on the grids rather than on a vocational expert. Id. The Appeals Council denied review (A.R. 5-7).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

## DISCUSSION

When the ALJ determines that a claimant's testimony regarding pain and other subjective symptoms is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the ALJ's determination. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1] "The ALJ must state specifically which symptom testimony is not credible . . .

---

[1] In the absence of evidence of "malingering," many Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

.″ Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Hammock v. Bowen, 879 F.2d 498, 503 (9th Cir. 1989) (ALJ should indicate "which pain testimony was not credible"); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (ALJ should "isolate particular complaints of pain and discuss the evidence suggesting that those complaints are not credible").

In the present case, the ALJ erred in failing to address specifically Plaintiff's complaints of pain. See id. Additionally, it is questionable whether the ALJ adequately addressed Plaintiff's complaints regarding alleged side effects of medication. "[T]he side effects of medications can have a significant impact on an individual's ability to work and should figure in the disability determination process." Varney v. Secretary, 846 F.2d 581, 585 (9th Cir. 1988); accord Cuevas v. Apfel, 1999 WL 76789 *5 (N.D. Cal. Feb. 8, 1999); see also 20 C.F.R. § 404.1529(c)(3)(iv) ("we will consider . . . side effects of any medication you take or have taken to alleviate your pain or other symptoms"). Plaintiff testified that her daily medication, neurontin, makes her "drowsy sort of like a drunk feeling" (A.R. 348). The ALJ's decision states that Plaintiff "complained of a great deal of fatigue," but the decision does not specifically address the alleged effects of neurontin (A.R. 16-24).

The ALJ also erred by relying exclusively on the grids. "After a claimant satisfies [her] initial burden of showing that a physical or mental impairment prevents [her] from performing [her] previous work, the burden shifts to the [Administration] to show that the claimant has the capacity to perform other work and that such

4

other work exists in the national economy." Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985).  Where a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

The ALJ purported to determine by "administrative notice" that Plaintiff's non-exertional impairments do not significantly limit Plaintiff's ability to perform sedentary work.  Neither Social Security Ruling ("SSR") 85-15 (cited by the ALJ) nor SSR 83-14 (cited by Defendant) expressly provide that Plaintiff's particular combination of non-exertional impairments would not significantly limit the range of sedentary work.[2]

Furthermore, Plaintiff's non-exertional pain, if deemed significant, would preclude exclusive reliance on the grids.  See Varney v. Secretary, 846 F.2d 581, 585 (9th Cir. 1988); Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985).  Although the ALJ implicitly may have discounted Plaintiff's subjective complaints of pain, the ALJ also may have found the pain sufficiently significant to restrict Plaintiff to sedentary work activity.

---

[2] The Court observes that SSR 85-15 provides that "[w]here a person has **some** limitation in climbing and balancing **and it is the only limitation**, it would not ordinarily have a significant impact on the broad world of work." (emphasis added).  SSR 85-15 does not address the impact of a complete preclusion on climbing and balancing when such preclusion is **not** the claimant's only non-exertional limitation.

Ninth Circuit case law arguably is inconsistent on the question of whether significant pain always constitutes a non-exertional limitation that precludes exclusive reliance on the grids. Several cases appear to answer this question in the affirmative. See, e.g., Stewart v. Sullivan, 881 F.2d 740, 744 n.5 (9th Cir. 1989); Varney v. Secretary, 846 F.2d 581, 585 (9th Cir. 1988); Howard v. Heckler, 782 F.2d 1484, 1486 n.1 (9th Cir. 1986); Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985). Other Ninth Circuit decisions state that pain "can be" or "may well be" a non-exertional limitation. Hammock v. Bowen, 879 F.2d 498, 502-03 (9th Cir. 1989); Desrosiers v. Secretary, 846 F.2d 573, 577 (9th Cir. 1988). These cases appear to leave open the possibility some pain may be solely an exertional limitation.

The concurring opinion in Desrosiers v. Secretary, supra, states:

> Pain may serve as either an exertional or a non-exertional limitation. Pain is an exertional limitation when it directly affects a claimant's strength (for example, when the neurological sensation of pain literally prevents a claimant's muscles from lifting an object). Pain is a non-exertional limitation when it does not affect a claimant's strength, but nonetheless affects a claimant's ability to work (for example, when a claimant's muscles enable him or her to lift an object, but the claimant is so distracted by the pain that he or she realistically cannot perform the work). Desrosiers v. Secretary, supra, 846 F.2d at 579 (Pregerson, J., concurring).

1    It is uncertain whether Judge Pregerson's distinction
2 represents the law of this Circuit.  It is difficult to conceive of
3 pain that would directly affect strength but leave the sufferer
4 undistracted.  One searches in vain for a Ninth Circuit case in which
5 pain was found to be a solely exertional limitation.

7    In any event, Plaintiff's alleged pain appears to be at least
8 partially non-exertional, within the meaning of Judge Pregerson's
9 distinction.  A shooting pain in the head necessarily would have
10 effects beyond a limitation on strength.

12    When a court reverses an administrative determination, "the
13 proper course, except in rare circumstances, is to remand to the
14 agency for additional investigation or explanation."  INS v. Ventura,
15 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
16 proper where, as here, additional administrative proceedings could
17 remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
18 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
19 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d
20 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated
21 ///
22 ///
23 ///
24 ///
25 ///
26 insufficient reasons for rejecting a claimant's excess pain

1  testimony).[3]

3      LET JUDGMENT BE ENTERED ACCORDINGLY.

5          DATED:  June 21, 2006.

8                    _____/S/_____
                              CHARLES F. EICK
                       UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any of the other issues briefed by the parties, except insofar as to determine that reversal rather than remand would not be appropriate.